Mason, &c., vs. Mason, &c.

CASE 13—PETITION EQUITY—DECEMBER 9.

# Mason, &c., vs. Mason, &c.

### APPEAL FROM MADISON CIRCUIT COURT.

1. Mason advanced and conveyed lands, about nine years before his death, to four of his children, upon their *parol agreement and promise* to pay at his death, to his two other children, William and Margaret, as much *pro rata* in money as would equalize the advancements in land. A few months after the death of his father, William instituted suit against the four donees, making Margaret and her husband also defendants, to recover the amounts agreed to be paid by parol as above. *Held by the court*—That as the promise was simply to pay money, no memorial in writing was necessary to its enforceability; and as there was no cause of action until within less than one year before the action was instituted, the statute of limitations was out of the way.

2. Defendants having an interest in the subject of litigation in common with the plaintiff—who did not answer and join issue with the plaintiff, having conveyed all the benefit they might have claimed in the subject of the suit to their only child—are competent witnesses for the other defendants, who have joined issue and controvert plaintiff's cause of action.

3. The depositions of defendants in behalf of each other are incompetent, though the contract in litigation might be several, yet joint in its form and character, when its proof or disproof by any one of the contracting parties interested in the question would bind or exonerate all.

BURNAM & CAPERTON,                              For Appellants.

S. TURNER,                                          On same side,

CITED—

*Civil Code, sec. 40 ; 2 Kent's Commentaries, sec. 39.*
*Cowper, 343 ; Holman vs. Johnson.*
*16 Johnson's Rep., 436 ; Griswold vs. Woddington.*

1 *Story on Contracts,* secs. 545, 546, 548, 564.
*Chitty on Contracts,* p. 571.
1 *Johnson's Cases,* 39; *Jones vs. Caswell.*
13 *Johnson,* 112; *Thomson vs. Davis.*
1 *Story's Equity,* secs. 265, 307, 308.
1 *Vesey,* 276; *Debenham vs. Ox.*
4 *Monroe,* 155; *Baugh vs. Ramsey.*
*Revised Statutes,* 6th subdivision, chap. 22.
7 *B. Mon.,* 213; *Graves vs. Graves.*
1 *B. Mon.,* 224; *McGuire vs. Maloney.*

Ed. W. Turner,
W. B. Smith, and
John B. Huston,                    For Appellees,
CITED—
15 *B. Mon.,* 589; *Johnson vs. Chandler.*
*Civil Code,* secs. 40, 123; 1 *Met.,* 651–2.
*Smith on Contracts,* p. 256.
*Story's Equity,* secs. 789, 98; 17 *B. Mon.,* 685.
*Revised Statutes,* sec. 1, subdivision 6, chapter 22.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

John Mason, late of Madison county, Kentucky, having six children—William, James R., Samuel, John W., Mary Ann, and Margaret J.—in May, 1855, about nine years before his death, gave to the said James R. Mason, Samuel Mason, John W. Mason, and Mary Ann and her husband, James A. Ballard, the use, during his own life, of separate tracts of land, reserving, during the same period, to the said William Mason and Margaret J. Mason, who afterwards intermarried with William Todd, an annuity of sixty-five dollars cash to be paid by James R. Mason, fifty dollars by Samuel and John W. Mason jointly, and twenty-five dollars by Ballard and wife; and in September, 1856, he conveyed to each of

those usees the absolute title to the tract of land, the use of which they respectively then enjoyed.

The son William, who, as his father said, had helped him most to make his estate, having, long before 1855, removed to the State of Missouri, and there becoming poor, blind, and helpless, brought this suit only a few months after his father's death in 1864, for enforcing an oral promise, jointly made by those conveyancees, and understood and ratified by their father at the date of, and as the superinducement for, the said conveyances in fee, whereby the donees of the lands assumed to pay him and his sister Margaret as much *pro rata* in money as would equalize the advancements in land. And he alleges that, at the same time, for adjusting that conventional equalization, all those tracts· were valued by persons chosen to represent each of the six children.

Todd and wife, who were made defendants with the donees, did not answer the petition; but, remaining passive, were not parties to the issue formed by the answer of their co-defendants, denying that the alleged agreement was made by them or induced their father to make the conveyances.

The circuit court adjudged that the appellee is entitled to contribution substantially as claimed in his petition, and, deferring the final adjustment among all the parties for ulterior consideration, permitted this appeal by consent.

As the promise was simply to pay money, no memorial in writing was necessary to its enforceability. And as there was no cause of action until within less than a year before this suit was instituted, the statute of limitations is out of the way.

The circuit court sustained exceptions to the depositions of Todd and wife taken by the appellee, and also ..

to the depositions of the appellants, James R. Mason, Samuel Mason, and James A. Ballard, for their own side. Thereupon, Todd and wife, to divest themselves of legal interest, conveyed to their only child all the benefit they might have claimed in the subject of this suit, and afterwards redeposed as witnesses for the appellee.

When their last depositions were taken, Todd and wife were not incompetent on the score of interest, however much their attitude might possibly affect their credibility; nor were they incompetent as parties, because neither of them was a party to any issue in the case. Their testimony was, therefore, properly read and considered by the court on the hearing.

But the depositions of J. R. Mason, S. Mason, and Ballard, were incompetent, and properly rejected, for two reasons—1st. Those persons were all co-parties to the radical issue on the existence or non-existence of the contract as an entirety. Contract or no contract is the issue equally as to all who jointly answered that there was no contract. According to the Kentucky Code of Practice, each and all are equally incompetent to testify in favor of his side of that issue. 2d. Even though the contract, as described, might perhaps be several in its operation, yet it is joint in its form and character; and proof or disproof of it by any one of the contracting parties interested in the question, would bind or exonerate all; and, consequently, although each of the rejected depositions purports to have been taken, not for the deponent, but for his associates alone, yet, operating, as it does, necessarily, for all of them, it would as necessarily promote the interest of each—the deponent who testified as well as his associates, for whom alone he ostensibly swore.

Then, in revising the judgment, we must consider only the testimony considered by the circuit court. And, in

our opinion, this evidence, both intrinsic and extrinsic, when carefully analyzed, satisfactorily establishes the contract essentially as set up and sought to be enforced by the appellant.

Wherefore, the judgment of the circuit court is affirmed.